# EXHIBIT C

Docket: GMA-64

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA**

DWAYNE GLOWNER,

                Plaintiff,

          v.                              Case No.  8:09-CV-01768-EAF-TGW

MULLER-MARTINI MAILROOM
SYSTEMS, INC.,

                Defendant.

**DEFENDANT MULLER-MARTINI MAILROOM SYSTEMS, INC.'S
FIRST SET OF DOCUMENT REQUESTS TO
PLAINTIFF DWAYNE GLOWNER NOS. 1- 12**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant, Muller-Martini

Mailroom Systems, Inc. ("MMMS") hereby requests that Plaintiff Dwayne Glowner ("Glowner")

produce the following documents no later than thirty (30) days after service hereof in accordance

with the following instructions and definitions.

**INSTRUCTIONS**

1.      To the extent that you claim that any document being sought is privileged or

otherwise excludable from discovery, state:

        a.      the basis for the privilege or other grounds for exclusion (e.g., attorney

work product, attorney client privilege);

      b.     the name and address of the author(s) or person(s) supplying the document and to whom such document was and has been supplied or communicated;

      c.     the form in which such document exists (letter, memorandum, tape recording, etc.);

      d.     the general subject matter of the document;

      e.     the date the document for which privilege is asserted; and

      f.     the portion of any such document to which the privilege is claimed (one sentence, one paragraph, entire document, etc.).

2.     This First Set of Document Requests is continuing and requires, to the extent required by Rule 26(e) of the Federal Rules of Civil Procedure, supplementation, correction, and amendment.

3.     If Plaintiff objects to or otherwise refuses to produce all the documents requested in a Request, it shall (i) state the objection or reason for such refusal, and (ii) provide all documents to which it does not object as follows:

      a.     if Plaintiff objects to a Request on the grounds that it is too broad (i.e., that Plaintiff believes it calls for both documents which are relevant and are not relevant to the subject matter of the action), Plaintiff shall respond to that Request by providing documents which Plaintiff admits are relevant;

      b.     if Plaintiff objects to a Request on the ground that to provide documents would constitute an undue burden, then Plaintiff shall provide as much of the requested documents as can be provided without undertaking an undue burden; and

      c.     if Plaintiff objects to any portion of a Request on the ground that it is

vague or indefinite, Plaintiff shall set forth Plaintiff's understanding of the allegedly

vague or indefinite term and shall then provide all of the documents based upon

Plaintiff's stated understanding.

4.      If Plaintiff cannot state with finality its response to any Request until its discovery

has been completed, Plaintiff is requested to so indicate and to respond to such Request to the

best of its ability in view of the present state of discovery.

5.      If a complete response to a Request cannot be made by Plaintiff, the Request is

nevertheless to be responded to insofar as possible, with an indication of what parts or portions

of the Request the Plaintiff is unable to respond.

6.      The Requests are submitted for the purpose of discovery, and are not to be taken

as (i) waiving any objections at the trial which may be made to the introduction of evidence by

Plaintiff on subjects covered by any Request, (ii) an admission of relevance or materiality of any

of the matters covered by any Request at the trial, or (iii) an admission or concession as to

Plaintiff's entitlement to any information requested by Plaintiff during discovery.


## DEFINITIONS

A.      "Plaintiff" or "Glowner" shall mean Dwayne Glowner, his employees, salespeople,

agents, attorneys, representatives, or others, acting or purporting to act, on his behalf.

B.      "Streamline Systems" shall mean Streamline Systems, 3375 U.S. Highway

98 South, Building E1, Lakeland, Florida, 33803, the entity identified by Plaintiff in its Initial

Disclosure.

C.      "Defendant" or "MMMS" shall mean Muller-Martini Mailroom Systems, Inc., as

well as any of its subsidiaries, and any corporate parent, successor business entities, current and

former officers, directors, employees, sales people, agents, attorneys, representatives, or others, acting or purporting to act, on behalf of it and/or any of these business entities.

D.    " '412 Patent" shall mean U.S. Patent No. 6,755,412, and any of its applications, as well as any continuing application (or patent issuing thereon) claiming the benefit of priority under 35 U.S.C. §120 of any application on which the '412 Patent issued.

E.    The words, "communication" or "communications", are used in the broadest possible sense and mean, without limitation, any transmittal and receipt of information, whether such was by chance, pre-arranged, formal or informal, and specifically include conversations in person, conversations by telephone, telegrams, letters or memoranda, facsimile, e-mail, voice-mail, formal statement, press releases, and newspaper articles.

F.    The words, "document" or "documents", are used in the broadest possible sense and mean, without limitation, any written, printed, typed, photocopied, photographed, recorded, or machine-sensitive material, reproduced by any other mechanical, electronic, or manual process or means, which are in your custody or control, or in the custody or control of any of your agents, employees, servants, and attorneys.  Said materials include, by way of example only, and without limitation, the following:  correspondence, memoranda, drafts, reports, financial reports, notes, records, letters, envelopes, e-mails, messages (including reports, notes, and memoranda of personal or telephone conversations and conferences), studies, analyses, laboratory notebooks, technical reports, schematics, design drawings, evaluations, affidavits, declarations, pleadings, testimony, contracts, agreements or any memoranda of agreement (executed or unexecuted), projections working papers, summaries, statistical statements, financial work papers, accounts, ledgers, fee statements, checks, calendars, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of all other

communications, purchase orders, questionnaires and surveys, charts, graphs, photographs, microfilm, phonograph, tapes or other recordings, magnetic tapes, computer data, printouts, any other data compilations from which information can be obtained, and any other writings or documents of whatever description or kind, including copies of any of the foregoing. The term, "document" or "documents" includes finished versions and drafts of documents; it also includes the original document (or copy thereof, if the original is not available), and all copies that differ in any respect from the original.

G.     "Person" shall mean any natural person, sole proprietorship, partnership, limited partnership, corporation, joint venture, trust, association, or other entity, as well as all current and former officers, directors, agents, salespeople, representatives, employees, attorneys, and others, acting or purporting to act, on behalf of such person.

H.     The terms, "relate", "relating", or "relating to", include referring to, alluding to, or responding to, concerning, connected with, commenting on, regarding, discussing, showing, describing, reflecting, analyzing, constituting, including, mentioning, in respect of, about, or in any way logically or factually connected with, the matter described in the Request.

## REQUESTS

1.     All documents and things relating to or supporting any of the allegations by Plaintiff in the Complaint or other pleadings in this action.

**RESPONSE:**

5

2.      All documents and things relating to inventorship, conception, reduction-to-practice and disclosure to another of the subject matter of the '412 Patent, the preparation and prosecution of the patent application for the '412 Patent, including the prosecution history of the '412 Patent,

**RESPONSE:**

3.      All documents and things relating to development, experimentation, testing, manufacture, use, offer for sale, sale, leasing, marketing, commercialization, advertising, and promotion of any product of Plaintiff or Streamline Systems, which Plaintiff contends is covered by any claim of the '412 Patent.

**RESPONSE:**

4.      All documents and things relating to any insert feeding assemblies known by Plaintiff prior to the July 23, 2002 filing date of the '412 Patent; any prior art for insert feeding assemblies dated before July 23, 2002, communications with any person regarding insert feeding assemblies prior to July 23, 2002, any design proposals or alternatives considered or known by Plaintiff for insert feeding assemblies before July 23, 2002, and any prior art for insert feeding assemblies known by Plaintiff before the July 29, 2004 issue date of the '412 Patent.

**RESPONSE:**

5.      All documents and things relating to each equivalent known or foreseen by

Plaintiff for any of the structures or features recited by Plaintiff in its claims prior to the June 29,

2009 issue date of the '412 Patent.

**RESPONSE:**


6.      All documents and things relating to objective indicia of non-obviousness of the

subject matter claimed in the '412 Patent.

**RESPONSE:**


7.      All documents and things relating to Defendant MMMS, insert feeding

assemblies of Defendant MMMS, including, without limitation, the first awareness of any insert

feeding assemblies of MMMS, communications with Defendant MMMS, and communications

with any other person relating to Defendant MMMS or the subject matter of this action.

**RESPONSE:**


7

8.      All documents and things relating to Randy Seidel, Seidel Enterprises, Inc., or any other entity owned or controlled by Randy Seidel, including, without limitation, all communications with any of such persons about Defendant MMMS, or insert feeding assemblies of MMMS.

**RESPONSE:**

9.      All documents and things relating to the ownership, licensing, attempts to license, licensing policies, attempts to enforce, charges of infringement, evaluations, investigations, or analyses of any product for possible infringement, or investigations or evaluations of the scope, validity, or enforceability of the '412 Patent.

**RESPONSE:**

10.      All documents and things relating to any extrinsic evidence upon which Plaintiff intends to or could rely to interpret any of the claims of the '412 Patent.

**RESPONSE:**

11.      All documents and things relating to the basis for Plaintiff's claim for damages,

including, without limitation, damages based on a reasonable royalty, lost profits or other basis, licenses granted, making of any insert feeding assemblies with the '412 Patent number, and basis for willful infringement and enhanced damage recovery.

12.    All documents and things identified in response to any Interrogatory in this action or otherwise relied on as a source of responsive information to any Interrogatory in this action.

**RESPONSE:**

Respectfully submitted,

---

Stefan V. Stein
Fl Bar No. _____
Gray Robinson, P.A.
Suite 2200
201 North Franklin Street
P.O. Box 3324
Tampa, FL 33601
Tel.: (813) 273-5000
Fax.: (813) 273-5145
stefan.stein@gray-robinson.com
Counsel for Defendant
Muller-Martini Mailroom Systems, Inc.

Peter J. Phillips  (PJP7912)(Trial Counsel)
Donald C. Lucas (DCL6675)
Lucas & Mercanti, LLP
475 Park Avenue South
New York, NY  10016
Tel.:  (212) 661-8000
Fax:  (212) 661-8002
pjp@lmiplaw.com
dcl@lmiplaw.com
info@lmiplaw.com
Of Counsel

10

## CERTIFICATE OF SERVICE

I certify that on November 20, 2009, I served a copy of the foregoing *Defendant Muller-Martini Mailroom Systems, Inc's First Set of Document Requests to Plaintiff Dwayne Glowner Nos. 1-12* to the following plaintiff's counsel of record, by first class mail:

Daniel R. Frijouf,
FL Bar No. 0682306
David A. Frijouf
FL Bar No. 0554251
Frijouf, Rust & Pyle, P.A.
201 East Davis Boulevard
Tampa, FL 33606-3787
Tel.:   (813) 254-5100
Fax.:   (813) 254-5400
Frijouf@frijouf.com
dan@frijouf.com
david@frijouf.com

Brian D. Hancock
AL Bar No.: ASB-0874-B65H
Heninger Garrison Davis, LLC
2224 – 1st Avenue North
Birmingham, AL  35203
Tel:    (205) 326-3336
Fax:    (206) 326-3332
bdhancock@hgdlawfirm.com
Counsel for Plaintiff

_____
Peter J. Phillips

11