UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DWAYNE GLOWNER,

    Plaintiff,

v.

MULLER-MARTINI MAILROOM
SYSTEMS, INC.,

    Defendant.

Case No. 8:09-cv-01768-TGW

MOTION TO SEAL

## DEFENDANT MULLER MARTINI MAILROOM SYSTEMS, INC.'S UNOPPOSED MOTION TO FILE UNDER SEAL

Defendant Muller Martini Mailroom Systems, Inc. ("Defendant" or "Muller"), pursuant to Paragraph 17 of the Protective Order governing this Action (D.I. 19) and L.R. 1.09 (a), respectfully requests an order allowing Defendant to file under seal certain Exhibits (Exhibits A, B, E, and F) to Defendant Muller Martini Mailroom Systems, Inc.'s Omnibus Motions In Limine (D.I. 91). If this motion is granted, Defendant will also electronically file a redacted version of those exhibits removing the confidential information described below.

**I.    LEGAL STANDARD**

The United States Court of Appeals for the Eleventh Circuit has stated that the public's right of access to judicial records is not absolute and "may be overcome by a showing of good cause, which requires balancing the asserted right of access against the asserted right of access against the other party's interest in keeping the information confidential." *Bovie Med. Corp. v. Livne*h, 2010 WL 4117635 at *2 (M.D.Fla.) (citing *Romero v. Drummond Co., Inc.*, 480 F.3d

1234, 1246 (11th Cir. 2007)). In balancing these interests to determine whether documents should be placed under seal, courts consider

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials of public concerns, and the availability of a less onerous alternative to sealing the documents.

*Id*. "A party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Id*.

## II.  ARGUMENT

The Defendant's Omnibus Motions in Limine cite as exhibits, deposition testimony by Plaintiff and documents produced by Plaintiff, that Plaintiff Dwayne Glowner ("Plaintiff") has designated "Highly Confidential-Attorney's Eyes Only" or "Confidential" pursuant to the Protective Order governing this Action. The deposition testimony and documents contain proprietary, sensitive, and confidential information concerning Plaintiff's business practices. In order to provide support for its Omnibus Motions in Limine, Defendant needs to be able to cite to that information. Should Defendant be prevented from filing Exhibits A, B, E, and F to its Omnibus Motion in Limine incorporating this information either under seal or publicly via the Court's CM/ECF system, it would be unduly and egregiously prejudiced.

Paragraph 17 of the Protective Order does not allow Defendant to refer to such information, or file such material with the Court, unless the procedures set forth in L.R. 1.09 are followed and a motion for leave to file under seal is submitted to the Court. Accordingly, Defendant presents this Motion to the Court for its consideration.

Plaintiff does not oppose this Motion as the material contains Plaintiff's confidential information.

In order to protect the public's right of access to judicial records as much as possible while at the same time recognizing the Plaintiff's interest in protecting his proprietary information, should this motion be granted, the Defendant will also electronically file redacted versions of these exhibits removing the Plaintiff's proprietary information, to the extent there are portions of the exhibits that do not contain the proprietary information.

The proposed duration of the order sought herein sealing the Defendant's Omnibus Motions in Limine is one (1) year in accordance with L.R. 1.09(c). However, in agreement with the Plaintiff, Defendant reserves the right to seek renewal of the seal prior to its expiration, as provided for in L.R. 1.09(c), to protect the confidentiality of such documents asserted by Plaintiff.

WHEREFORE PREMISES CONSIDERED, the Defendant requests and Plaintiff does not oppose the relief sought herein and all other relief deemed just and appropriate by this Court.

Dated:  July 18, 2012

Respectfully submitted,

_s/ Stephen M. Hankins_____
Stefan V. Stein
Florida Bar No. 300527
GRAY ROBINSON, P.A.
201 N. Franklin Street
Suite 2200
Tampa, Florida 33602
Telephone:  813-273-5000
Facsimile:  813-273-5145
Email:  stefan.stein@gray-robinson.com

Thomas P. Battistoni
New York Bar No. 2019883
SCHIFF HARDIN LLP
666 Fifth Avenue
17th Floor

New York, NY 10103
Telephone: 212.753.5000
Facsimile: 212.753.5044
Email: tbattistoni@schiffhardin.com

Stephen M. Hankins
California Bar No. 154886
Alison Maddeford
California Bar No. 248523
SCHIFF HARDIN LLP
One Market, Spear Street Tower
32nd Floor
San Francisco, CA 94105
Telephone: 415-901-8700
Facsimile: 415-901-8701

*Attorneys for Defendant Muller-Martini Mailroom Systems, Inc.*

## CERTIFICATION

Pursuant to Local Rule 3.01(g), I hereby certify that I have conferred with opposing counsel concerning the matters set forth in this motion, and we are in agreement as to the relief requested herein.

    _s/ Stephen M. Hankins_____
    Stephen M. Hankins

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing upon all counsel of record by filing the above with the Court's CM/ECF electronic filing system this 18th day of July, 2012.

    __s/ Stephen M. Hankins_____
    Stephen M. Hankins

**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

DWAYNE GLOWNER,

    Plaintiff,

v.

MULLER-MARTINI MAILROOM
SYSTEMS, INC.,

    Defendant.

Case No. 8:09-cv-01768-TGW

MOTION TO SEAL

## **ORDER**

AND NOW, this ____ day of ___, 2012, consideration of Defendant Muller Martini Mailroom Systems, Inc.'s unopposed motion to file under seal, any response thereto, and the record as a whole, it is hereby ORDERED and DECREED that the Defendant's motion is GRANTED.

It is further ORDERED and DECREED that the Defendant's unredacted Exhibits A, B, E and F to its Omnibus Motions in Limine shall be filed and kept under seal by the Clerk until further Order of the Court.

It is further ORDERED and DECREED that the Defendant shall electronically file a redacted version of its Omnibus Motions in Limine referred to herein.

_____
United States District Court Magistrate Judge