IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| DWAYNE GLOWNER, | ) | |
| | ) | |
|     Plaintiff, | ) | Civil Action No.: |
| | ) | 8:09-cv-01768-EAK-TGW |
| v. | ) | |
| | ) | |
| MULLER MARTINI MAILROOM SYSTEMS, INC., | ) | |
| | ) | |
|     Defendant. | ) | |

PLAINTIFF DWAYNE GLOWNER'S MOTION *IN LIMINE*
NO. 1: EXPERT REPORT OF ROBERT A. HUTCHINS

## I.    INTRODUCTION

Under the Federal Rules of Evidence, statements are not permitted in evidence if such statements are hearsay and exceptions to the hearsay rule do not apply. Fed. R. Evid. 801, 803, 804, 806. Further, an expert is not permitted to offer testimony if the testimony is not a result of reliable principles or methods and/or will not assist the trier of fact. Fed. R. Evid. 702.

Robert A. Hutchins ("Mr. Hutchins"), Muller Martini Mailroom Systems Inc.'s ("Muller" or "Defendant") damages expert is expected to testify that the cost of retooling Muller's XL Feeder, in regards to a reasonable royalty and part of the *Georgia-Pacific*[1] factors, ranges between $100,000 and $175,000. This supposed fact and piece of data is not only hearsay, but is also part of an unreliable method of analysis, where the analysis is based on speculative information. For this reason, his testimony regarding the cost of retooling the Muller XL Feeder should be prohibited.

## II.    FACTS

---

[1] *Georgia-Pacific Corp. v. U.S. Plywood Corp.,* 318 F.Supp. 1116, 1120 (S.D.N.Y.1970)

1

Mr. Hutchins submitted his expert report on May 11, 2012 discussing his basis for a reasonably royalty calculation. In that report, Mr. Hutchins states, "It is also my understanding it would have cost Muller between $100,000 and $175,000 to retool the SLS 3000XL to work with the gripper drum feeder." *Expert Report of Robert A. Hutchins*, p. 10. The gripper drum feeder is a non-infringing alternative to the friction feeder at issue in the current patent infringement case. Mr. Hutchins further refers to this value as a fact and circumstance that "would have influenced the hypothetical negotiations between the parties in 2008" when he analyzes *Georgia-Pacific* Factor # 15. *Expert Report of Robert A. Hutchins*, p. 25.

When questioned about this range of monetary values during his deposition on 5/31/2012, Mr. Hutchins admitted that he came to this value as the result of a conversation with Timothy Voorhees ("Mr. Vorhees"), a Muller employee. His deposition testimony showed that the number was a pure estimate, not based on any hard facts or documentary evidence.

> Q: Is it your understanding that Muller at the time of developing the SLS 3000XL could have retooled the gripper drum feeder to work with the 3000XL?
> A: Yes.
> Q: And it's your understanding that such a retooling would cost between 100 and 175,000 dollars?
> A: Yes.
> Q: Now, first, do you have any documentary evidence from Muller Martini that sets forth this 100,000 to 175,000 dollars?
> A: As I note here, it was based on my interview with Tim Vorhees.
> Q: And do you have any understanding of what Mr. Vorhees was basing that number from?
> A: His experience, that's my understanding.
> Q: So that was just an estimate on his part of what it would cost?
> A: Correct.

*Deposition of Robert A. Hutchins*, 92:23-93:11.

### III.     LEGAL DISCUSSION

Mr. Hutchins' should be prohibited from testifying to the speculative cost of retooling the Muller XL Feeder.  First and foremost, Mr. Hutchins will be introducing hearsay evidence that does not fall under any of the hearsay exceptions specified in the Federal Rules of Evidence.  Second, the values relied upon by Mr. Hutchins in his reasonable royalty analysis results in an unreliable method for calculating damages and will not assist the trier of fact, because the values are pure speculation.

### A.     **Mr. Hutchins should be prohibited from offering evidence regarding the cost of retooling the Muller XL Feeder, because the values are hearsay.**

Mr. Hutchins is expected to testify to the statement made by Mr. Vorhees regarding the cost of retooling the Muller XL Feeder, which is an out-of-court statement, made by Mr. Vorhees, which is being offered for its truth.  This is plain hearsay and should be excluded from evidence.  Hearsay is defined as "a statement that: 1) the declarant does not make while testifying at the current trial or hearing; and 2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c).  The declarant, Mr. Vorhees will not be testifying at trial and Mr. Hutchins will be offering Mr. Vorhees' statement into evidence to prove the truth of the cost of retooling.

No exception to hearsay applies to this evidence.  None of the enumerated exceptions of Fed. R. Evid. 803 apply.  Further, Fed. R. Evid 804 does not apply, because Mr. Vorhees is fully capable of being present at trial and can be procured for trial to testify to his cost of retooling.  Finally, the testimony does not fall under the residual exception of Fed. R. Evid. 806.  The statement was completely oral, thereby lacking circumstantial guarantees of trustworthiness, the fact offered is not material, it is not more probative than any other evidence that the proponent could obtain through reasonable efforts, nor will admitting the evidence serve the purposes of

these rules and the interests of justice. Thus, as there are no exceptions, the testimony and evidence must be excluded as hearsay.

> B. **Mr. Hutchins should be prohibited from offering evidence regarding the cost of retooling, because the values used are unreliable.**

The cost of retooling is completely speculative and therefore, cannot be part of a reliable method for calculating a reasonably royalty rate and should be excluded from Mr. Hutchin's testimony. The Court, as gatekeeper to the admission of expert testimony, whether scientific or otherwise, must exclude evidence that is not relevant or reliable. *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579, 589, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).; *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 142, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999); Fed. R. Evid. 702[2]. Further, "[R]eliable methodology requires that the legal grounds used by an expert to calculate damages be legally acceptable." *DSU Medical Corp. v. JMS Co., LTD*, 296 F. Supp. 2d 1140, 1148 (N.D.Ca. 2003); citing *Micro Chemical, Inc. v. Lextron, Inc.,* 317 F.3d 1387 (Fed.Cir.2003). Legally unacceptable grounds used by an expert to calculate damages includes the use of speculative data or information.

> 1. **The cost of retooling constitutes a legally unacceptable ground used by Mr. Hutchins to calculate damages, because it is part of an unreliable method.**

No specific calculation was made by Mr. Vorhees as to the cost of retooling the Muller XL Feeder. Rather Mr. Vorhees based his numbers on his experience with insert feeders alone, with no concrete facts or data to support his stated data. While Mr. Vorhees experience in the field of

---

[2] If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case. Fed. R. Evid. 702

technology is extensive, a cost of retooling must be formulated with the use of concrete numbers and some degree of actual retooling to come up with a value for the cost.

Mr. Hutchins' relies on this large value range provided by Mr. Voorhees without any form of documentation or evidence which would show some sense of veracity to the cost of retooling. His reliance makes his method of reasonable royalty analysis completely unreliable, because a technique using uninformed values cannot be tested or peer-reviewed, particularly in light of the impossibility of evaluating known or potential error. *See Banta Properties Inc. v. Arch Specialty Insurance Co.*, 2011 WL 7118542, 4 (S.D.Fla. 2011)(excluding an expert's testimony due to finding an expert's methodology failed because of an expert's created scientific formula, use of raw data gathered by "an uncritical eye", and use of the data in a spreadsheet for a physical damage calculation.); *Barnes v. 3/12 Transportation, Inc.*, 2012 WL 1014810, 4 (S.D.Ga. 2012)("Additionally, Plaintiff, as the proponent of Mr. Bethea's testimony, has not established that the methodology used to restate favorable testimony from a deposition to form his conclusion is sufficiently reliable or would assist the trier of fact.")   Thus, the testimony and evidence should be excluded.

   2. **The cost of retooling constitutes a legally unacceptable ground used by Mr. Hutchins to calculate damages, because the reasonably royalty analysis does not incorporate reasonable speculation.**

A reasonably royalty rate is uncertain due to its basis on a hypothetical royalty negotiation, but this fact does not mean that the jury should base its verdict on pure speculation.  "The verdict must be based on *reasonable* speculation." *Minks v. Polaris Industries, Inc.*, 2009 WL 3028994, 4 (M.D. Fla. 2009).  Without any documentary evidence or basis for the cost of retooling, the value range stated by Mr. Voorhees and relied upon by Mr. Hutchins is *pure* speculation, and offers no assistance to the jury.  Thus, the testimony and evidence should be excluded.

### IV.     CONCLUSION

Any testimony regarding a reasonable royalty rate analysis by Mr. Hutchins should be excluded. The cost range for retooling the Muller XL Feeder, given by Mr. Vorhees is plainly hearsay, without any exception. Furthermore, the retooling cost, a speculative value, makes his method of analysis unreliable and of no assistance to the trier of fact. Thus the evidence and any related testimony should be excluded.


Date:   July ___, 2012

                                             Respectfully submitted,


                                             s/ Douglas L. Bridges
                                             Douglas L. Bridges (*admitted pro hac vice*)
                                             GA Bar. No. 080889
                                             HENINGER GARRISON DAVIS, LLC
                                             169 Dauphin Street
                                             Mobile, AL 36605
                                             205.326.3336
                                             205.326.3332 fax
                                             E-Mail: dbridges@hgdlawfirm.com

                                             Jacqueline Knapp Burt
                                             Dara T. Jeffries
                                             HENINGER GARRISON DAVIS, LLC
                                             3350 Riverwood Pkwy SE, Suite 1900
                                             Atlanta, GA 30339-3372
                                             Phone: 404.996.0864
                                             Fax: 205.547.5502
                                             Email: jburt@hgdlawfirm.com
                                             Email: dara@hgdlawfirm.com


                                             Timothy C. Davis
                                             FL bar Nol. 51880
                                             HENINGER GARRISON DAVIS, LLC
                                             P.O. Box 11310

Birmingham, AL 35202
205.326.3336
205.326.3332 fax
E-mail: sscoggins@hgdlawfirm.com

Daniel Robert Frijouf
FL Bar No. 0682306
FRIJOUF, RUST & PYLE, PA
201 E. Davis Blvd.
Tampa, FL 33606
813.254.5100
813.245.5400 fax
Email: frijouf@frijouf.com

*Attorneys for Plaintiff Dwayne Glowner*

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing upon all counsel of record by filing the above with the Court's CM/ECF electronic filing system this 16th day of July, 2011:

    s/ Douglas L. Bridges
    Douglas L. Bridges