**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

DWAYNE GLOWNER,

    Plaintiff,

v.

MULLER-MARTINI MAILROOM
SYSTEMS, INC.,

    Defendant.

Case No. 8:09-cv-01768-TGW

**DEFENDANT MULLER MARTINI MAILROOM SYSTEMS, INC.'S
OPPOSITION TO PLAINTIFF DWAYNE GLOWNER'S MOTION IN LIMINE NO. 1:
EXPERT REPORT OF ROBERT A. HUTCHINS**

I.      **INTRODUCTION**

Plaintiff Dwayne Glowner's ("Glowner") motion to exclude the testimony of Defendant Muller Martini Mailroom Systems, Inc.'s ("Muller") expert Mr. Robert Hutchins should be denied. In his report, Mr. Hutchins appropriately considered and relied on data obtained from Muller's employee—an employee that Muller designated as a 30(b)(6) witness for the relevant products and whom Glowner deposed in this litigation. Under Federal Rules of Evidence 702 and 703, such reliance is appropriate and admissible to explain the bases of Mr. Hutchin's expert opinions. Glowner's disagreement with the evidence relied on by Mr. Hutchins is properly addressed through cross-examination, not through the exclusion of that evidence. Therefore, Glowner's motion in limine should be denied.

II.     **ARGUMENT**

   A.   **Legal Standard**

Under Fed. R. Evid. ("Rule") 702, expert testimony is admissible if:

> (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusion is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence, or to determine a fact in issue.

*City of Tuscaloosa v. Hacros Chemicals, Inc.*, 158 F.3d 548, 562 (11th Cir. 1999).

Usually, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 596 (1993).[1] In

---

[1] *See also i4i Ltd. Partnership v. Microsoft Corp.*, 598 F.3d 831, 854 (Fed. Cir. 2010) ("[Defendant's] quarrel with the facts [plaintiff's expert] used go to the weight, not the admissibility, of his opinion"); *Synergetics, Inc. v. Hurst*, 477 F.3d 949, 955 (8th Cir. 2007) ("it is up to the opposing party to examine the factual basis for the opinion in cross-examination.");

other words, the factual basis of Mr. Hutchin's "expert opinion goes to the credibility of the testimony, not the admissibility," and Glowner examine that factual basis through cross-examination. *Kearney v. Auto-Owners Ins. Co.*, No. 8:06-cv-595, 2007 WL 3231780, at *3 (M.D. Fla. Oct. 30, 2007) (quoting *Hartley v. Dillard's, Inc.*, 310 F.3d 1054, 1061 (8th Cir. 2002) and denying motion to exclude expert testimony as speculative). "Only if the expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury must such testimony be excluded." *Id.* "*Daubert* generally does not . . . regulate the underlying facts or data that an expert relies on when forming her opinion." *U.S. v. Lauder*, 409 F.3d 1254, 1264 (10th Cir. 2005); *see also Bonner v. ISP Techs., Inc.*, 259 F.3d 924, 929-30 (8th Cir. 2001) ("As a general rule, the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility" (quotation omitted); *In re Trasylol Products Liability Litigation*, 2010 WL 1489793, *6 (S.D. Fla. Feb. 24, 2010) (denying motion to exclude because opinion based on non-statistically significant data and noting that "[t]he general rule that the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility").

**B.   Mr. Hutchin's Testimony Regarding the Cost of Redesigning the Muller XL Feeder Is Not Hearsay and Is Admissible Under Rule 703**

Interviews with witnesses are appropriately considered by an expert in forming his opinion. "Rule 703 allows expert reports to contain hearsay or other inadmissible evidence, which the expert properly relies on to be admitted to explain the basis of the expert's report." *Briscoe v. White*, No. 2:03–cv–154, 2004 WL 5488228, at *3 (M.D. Fla. May 24, 2004). "Rule 703 allows experts to use evidence that would not usually be admissible, such as, hearsay, as

---

*Inline Connection Corp. v. AOL Time Warner Inc.*, 470 F. Supp. 2d 435, 439 (D. Del. 2007) ("A court should not consider the strength or weakness of the basis of an expert's testimony, because 'rule 705, together with rule 703, places the burden of exploring the facts and assumptions underlying the testimony of an expert witness on opposing counsel during cross-examination.'" (quoting *Stecyk v. Bell Helicopter Textron Inc.*, 295 F.3d 408, 414 (3rd Cir. 2002)).

2

long as it is reasonably applied or relied upon by experts in the field for their conclusions." *See Inline*, 470 F. Supp. 2d at 442. Here, Glowner seeks to exclude testimony regarding the retooling the XL Feeder (or "designing around" the '412 patent) and the cost of that noninfringing alternative. But Mr. Hutchins reasonably relied on this evidence because experts in the field of patent damages, in determining a reasonable royalty, generally rely on information regarding the cost of noninfringing alternatives. *See, e.g., Riles v. Shell Exploration & Prod. Co.*, 298 F.3d 1302 (Fed. Cir. 2002) ("under the constraints of the hypothetical negotiation, the market could not award [the patentee] a royalty for his method divorced of all relation to a potential noninfringing alternative method. The economic relationship between the patented method and noninfringing alternative methods, of necessity, would limit the hypothetical negotiation").

If Glowner had concerns that Mr. Voorhees' numbers did not reflect the actual cost of a noninfringing alternative, those concerns should have been explored by Glowner during discovery. During the course of this litigation, Glowner deposed Mr. Voorhees and chose not to ask him about noninfringing alternatives. Similarly, Glowner's counsel chose not to conduct depositions during the fact discovery period for damages. Mr. Voorhees is the appropriate person to provide information regarding the cost of creating a non-infringing alternative to the accused feeder. As Glowner knows from taking Mr. Voorhees's deposition, Mr. Voorhees is a 13 year employee of Muller, stationed at its headquarters in Allentown, PA. (**Exhibit A**, Voorhees Dep. Tr. 8:14-19.) He is currently Muller's manager of engineering. (*Id*. 90:11-13.) He has unique knowledge of the inserter system as well as its components. He also had knowledge as to the 3000 XL inserter system, which uses the Muller XL Feeder, as well as noninfringing alternative feeders such as the gripper drum feeder. All of these topics were

3

disclosed to Glowner. In fact, Mr. Voorhees was designated as a 30(b)(6) witness for the accused Muller XL Feeder and the Muller SLS3000 XL inserter in which that feeder is used. (See **Exhibit B**, Plaintiff's Notice of Intention to Take Rule 30(b)(6) Deposition, at 4-5; Ex. A, Voorhees Dep. Tr. 61:11-62:12.) And yet, Glowner chose not to ask Mr. Voorhees about possible noninfringing alternatives that would work with the 3000 XL inserter. Muller should be not be prevented from presenting its evidence to the jury simply because Glowner's counsel failed to conduct adequate damages discovery and chose not to ask Mr. Voorhees about any design around or noninfringing alternative during his deposition. *See Inline*, 470 F. Supp. 2d at 441-43 (rejecting attempt to exclude expert's reliance on interviews with witnesses that plaintiff did not depose where plaintiff chose not to depose the witnesses despite having the opportunity to do so); *DataQuill Ltd. v. High Tech Computer Corp.*, No. 08-cv-543, 2012 WL 1284381, at *6 (S.D. Cal. April 16, 2012) (where a party disagrees with the underlying facts relied on by an expert in reaching his conclusion, the appropriate recourse is to present contrary evidence and attack the expert on cross-examination, not to exclude of the evidence).

    C.    **The Cost of a Design Around Is Not Speculative**

Glowner's request to exclude the cost of a design around, based on his unsupported statement that the range provided by Mr. Voorhees is "*pure* speculation", is not grounded in law. The Eleventh Circuit has emphasized that "[a] district court's gatekeeper role under *Daubert* is not intended to supplant the adversary system or the role of the jury." *Maiz v. Virani*, 253 F.3d 641, 666 (11th Cir. 2001) (quotations omitted). To the contrary, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the

traditional and appropriate means of attacking shaky but admissible evidence." *Daubert,* 509 U.S. at 596.[2]

Therefore, the appropriate procedure is not to exclude this testimony, but rather for Glowner's counsel to challenge the factual basis for Mr. Hutchin's testimony on cross-examination and allow the jury to determine the weight to which Mr. Hutchin's opinions are entitled. *See Hartley v. Dillard's, Inc.,* 310 F.3d 1054, 1060 (8th Cir. 2002) (economic expert testimony admissible when the testimony is based on generalities and not the financial performance of the specific store at issue).

### III.   CONCLUSION

Based on these reasons, Glowner's motion to exclude testimony of Mr. Hutchins regarding the cost of a design around should be denied.

---

[2] When defendant's expert meets the foundational requirements for admissibility, "the burden shift[s] to plaintiffs explore any deficiencies in the expert's sources." *Stecyk,* 295 F.3d at 414. *See also Ambrosini v. Labarraque,* 101 F.3d 129, 141 (D.C. Cir. 1996) (district court erred by misconceiving "of the limited 'gatekeeper' role envisioned in *Daubert.* By attempting to evaluate the credibility of opposing experts and the persuasiveness of competing scientific studies, the district court conflated the questions of the admissibility of expert testimony and the weight appropriately to be accorded such testimony by a fact finder").

Dated:  July 25, 2012                                             _s/ Stephen M. Hankins_____
                                                                                  Stephen M. Hankins
                                                                                  California Bar No. 154886
                                                                                  Alison Maddeford
                                                                                  California Bar No. 248523
                                                                                  SCHIFF HARDIN LLP
                                                                                  One Market, Spear Street Tower
                                                                                  32nd Floor
                                                                                  San Francisco, CA 94105
                                                                                  Telephone:  415-901-8700
                                                                                  Facsimile:  415-901-8701
                                                                                  Email:  shankins@schiffhardin.com
                                                                                               amaddeford@schiffhardin.com

                                                                                  Thomas P. Battistoni
                                                                                  New York Bar No. 2019883
                                                                                  Henry Behnen
                                                                                  New York Bar No. 4890125
                                                                                  SCHIFF HARDIN LLP
                                                                                  666 Fifth Avenue
                                                                                  17th Floor
                                                                                  New York, NY 10103
                                                                                  Telephone:  212.753.5000
                                                                                  Facsimile:  212.753.5044
                                                                                  Email:  tbattistoni@schiffhardin.com

                                                                                  Stefan V. Stein
                                                                                  Florida Bar No. 300527
                                                                                  GRAY ROBINSON, P.A.
                                                                                  201 N. Franklin Street
                                                                                  Suite 2200
                                                                                  Tampa, Florida 33602
                                                                                  Telephone:  813-273-5000
                                                                                  Facsimile:  813-273-5145
                                                                                  Email:  stefan.stein@gray-robinson.com

                                                                                  *Attorneys for Defendant Muller-Martini*
                                                                                  *Mailroom Systems, Inc.*

**CERTIFICATE OF SERVICE**

     I hereby certify that I have served a copy of the above and foregoing upon all counsel of record by filing the above with the Court's CM/ECF electronic filing system this 25th day of July, 2012.

                                              _s/ Stephen M. Hankins_____
                                               Stephen M. Hankins