# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| DWAYNE GLOWNER, <br><br> Plaintiff, <br><br> v. <br><br> MULLER MARTINI MAILROOM SYSTEMS, INC. <br><br> Defendant. | Civil Action No. <br><br> 8:09-CV-01768-TGW |

## PLAINTIFF DWAYNE GLOWNER'S UNOPPOSED

## MOTION TO FILE UNDER SEAL

Plaintiff Dwayne Glowner ("Plaintiff" or "Glowner"), pursuant to Paragraph 17 of the Protective Order governing this Action (D.I. 19) and L.R. 1.09 (a), respectfully requests an order allowing Defendant to file under seal certain Exhibits (Exhibits D, E, F, G, H, J, K, L) to Defendant Muller Martini Mailroom Systems, Inc.'s Omnibus Motions In Limine (D.I. 91). If this motion is granted, Defendant will also electronically file a redacted version of those exhibits removing the confidential information described below.

## I.     LEGAL STANDARD

The United States Court of Appeals for the Eleventh Circuit has stated that the public's right of access to judicial records is not absolute and "may be overcome

by a showing of good cause, which requires balancing the asserted right of access against the asserted right of access against the other party's interest in keeping the information confidential." *Bovie Med. Corp. v.Livneh*, 2010 WL 4117635 at *2 (M.D.Fla.) (citing *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007)). In balancing these interests to determine whether documents should be placed under seal, courts consider whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials of public concerns, and the availability of a less onerous alternative to sealing the documents. *Id.* "A party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Id.*

## II.   ARGUMENT

The Plaintiff's Response to the Defendant's Omnibus Motions in Limine cite as exhibits, deposition testimony by Plaintiff and documents produced by Plaintiff, that Plaintiff Dwayne Glowner ("Plaintiff") has designated "Highly Confidential-Attorney's Eyes Only" or "Confidential" pursuant to the Protective Order governing this Action. The deposition testimony and documents contain proprietary, sensitive, and confidential information concerning Plaintiff's business practices. In order to provide support for its Response to Defendant's Omnibus

Motions in Limine, Plaintiff needs to be able to cite to that information. Should Plaintiff be prevented from filing Exhibits D, E, F, G, H, J, K, and L to its Response to Defendant's Omnibus Motion in Limine incorporating this information either under seal or publicly via the Court's CM/ECF system, it would be unduly and egregiously prejudiced.  Paragraph 17 of the Protective Order does not allow Plaintiff to refer to such information, or file such material with the Court, unless the procedures set forth in L.R. 1.09 are followed and a motion for leave to file under seal is submitted to the Court. Accordingly, Plaintiff presents this Motion to the Court for its consideration.  Defendant does not oppose this Motion. In order to protect the public's right of access to judicial records as much as possible while at the same time recognizing the Plaintiff's interest in protecting his proprietary information, should this motion be granted, the Plaintiff will also electronically file redacted versions of these exhibits removing the proprietary information, to the extent there are portions of the exhibits that do not contain the proprietary information.

      The proposed duration of the order sought herein sealing the Exhibits to Plaintiff's Response to Defendant's Omnibus Motions in Limine is one (1) year in accordance with L.R. 1.09(c). However, in agreement with the Plaintiff, Defendant reserves the right to seek renewal of the seal prior to its expiration, as provided for in L.R. 1.09(c), to protect the confidentiality of such documents.

WHEREFORE PREMISES CONSIDERED, the Plaintiff requests and Defendant does not oppose the relief sought herein and all other relief deemed just and appropriate by this Court.

Dated:  July 25, 2012.

        /s/Douglas L. Bridges_____
Douglas L. Bridges
  Georgia Bar No. 080889
**Heninger Garrison Davis LLC**
169 Dauphin Street, Suite 100
Mobile, Alabama 36602
Tel. (251) 298-8701
Fax: (205) 547-5504
Email: dbridges@hgdlawfirm.com

Jacqueline K. Burt
  Georgia Bar No. 425322
Dara T. Jeffries
  Georgia Bar No. 916167
**Heninger Garrison & Davis, LLC**
3350 Riverwood Parkway, Suite 1900
Atlanta, Georgia 30339-3372
Tel. (404) 996-0863
Fax. (205) 547-5506
Email: Jburt@hgdlawfirm.com
Email: jmiller@hgdlawfirm.com
Email: djeffries@hgdlawfirm.com

**ATTORNEYS FOR PLAINTIFF
DWAYNE GLOWNER**

## CERTIFICATION

Pursuant to Local Rule 3.01(g), I hereby certify that I have conferred with opposing counsel concerning the matters set forth in this motion, and we are in agreement as to the relief requested herein.

　　/s/Douglas L. Bridges_____

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing upon all counsel of record by filing the above with the Court's CM/ECF electronic filing system this 25th day of July, 2012.

　s/Douglas L. Bridges
Douglas L. Bridges

**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| DWAYNE GLOWNER, <br><br> Plaintiff, <br><br> v. <br><br> MULLER MARTINI MAILROOM SYSTEMS, INC. <br><br> Defendant. | Civil Action No. <br><br> 8:09-CV-01768-TGW |

## **ORDER**

AND NOW, this ___ day of _____. 2012, consideration of Plaintiff Dwayne Glowner's unopposed motion to file under seal, any response thereto, and the record as a whole, it is hereby ORDERED and DECREED that the Plaintiff's Motion is GRANTED.

It is further ORDERED and DECREED that the Plaintiff's unredacted Exhibits _____, to its _____ motions in limine shall be filed and kept under seal by the Clerk until further Order of the Court.

It is further ORDERED and DECREED that the Plaintiff shall electronically file a redacted version of its _____ Motions in Limine referred to herein.

                                                                        _____
                                                                          United States District Court Magistrate Judge