IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| DWAYNE GLOWNER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | 8:09-cv-01768-EAK-TGW |
| v. | ) | |
| | ) | |
| MULLER MARTINI MAILROOM | ) | |
| SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF DWAYNE GLOWNER'S RESPONSE TO DEFENDANT MULLER MARTINI MAILROOM SYSTEMS, INC.'S MOTION FOR CLAIM CONSTRUCTION**

In Muller Martini Mailroom Systems, Inc.'s ("Muller") motion for claim construction, the Defendant uses selective and misleading quotations to argue that Muller's proposed claim constructions for the terms "Conveying Assembly" and "Conveying Means" were proposed or endorsed by Plaintiff Dwayne Glowner's expert witness on infringement. That is not the case. The terms "conveying assembly" and "conveying means", if construed by the Court, have different definitions under the cannons of patent claim construction.

1. **Conveying Assembly**

As Dr. Howard noted in his expert report, the specification of U.S. Patent No. 6,755,412 ("'412 patent") states that "the conveying assembly moves the overlapping stream of inserts through the feeding assembly." (D.I. 43-8, Ex. H to Glowner's Response to Muller's Motion for Summary Judgment, Howard Expert Rpt. at 16) *quoting* (D.I. 35-3, '412 Patent., Col 2, l. 51-52). Dr. Howard then astutely notes that the specification provides a more detailed explanation of how this can be done in a preferred embodiment of the patent. *Id*. at 16 ("this conveyor belt

approach to conveying the inserts is only one particular embodiment"). However, Dr. Howard does not limit his opinion to the construction of this term to only the preferred embodiment. *Id.* at 17 ("Indeed, as any good designer of mechanical machinery and equipment knows, there are multiple ways of conveying a product through a machine.") Dr. Howard then provides a detailed description of how the Muller drive rollers push the overlapping stream through the Muller feeder down towards the separating & ejecting assembly. *Id* at 18.

Instead of utilizing this simple and easily understandable construction for the term "conveying assembly," Muller seeks to limit the construction of this term to the "specific embodiment" of the conveying assembly that is described in the detailed description of the '412 patent. However, Muller does not inform the court that the patentee specifically noted that "it is not intended that [descriptions of embodiments in the patent] be construed as limitations except as set forth in the following claims." 412 Patent at Col. 9, ln. 18-21.

Furthermore, limiting the definition of a claim term to only a specific embodiment of that was given in the specification is specifically against the cannons of claim construction. It is a bedrock principle that "the claims of a patent define the invention to which the patentee is entitled the right to exclude." *Phillips v. AWH Corp.,* 415 F.3d 1303, 1312 (Fed. Cir. 2005) *(en banc)* (quoting *Innova/Pure Water, Inc. v. Safari Water Filtration Sys, Inc.,* 381 F.3d 1111, 1115 (Fed. Cir. 2004)). While the claims should be read in light of the specification, a court cannot import a limitation from the specification into a claim. *See Phillips* at 1323-24.

After misapplying the cannons of claim construction to this term, Muller then attempts to argue that Dr. Howard stated that the term "Conveying Assembly" should be given the same definition as the term "Converying Means." However, this completely twists around Dr. Howard's report. Dr. Howard provided the definition given above for "Conveying Assembly"

and provided his analysis of the infringement by Muller of that element of Claim 9.  Following

that analysis, Dr. Howard states that the infringement analysis would be identical while

analyzing Claim 1.  Accordingly, Dr. Howard is stating that the term "Conveying Means" in

claim 1 should be defined as something that "moves the overlapping stream of inserts through

the feeding assembly", not that the term "Conveying Assembly should be limited only to the

described belt system.

### 2.  Conveying Means

The parties agree that the term "conveying means" is a means-plus-function claim under

the terms of 35 U.S.C. § 112, ¶ 6.  The parties further agree that the section of the specification

of the '412 Patent that sets forth the structure of the conveying means is '412 Patent, Col. 6, ln.

29 – Col. 7, ln. 5).   However, rather than providing the disclosed structure to the jury, which is

what provides the scope of the claimed invention, Muller instead wants to limit the structure to

the cursory summary of the preferred embodiment given by Dr. Howard in his expert report.

(D.I. 43-9, Ex. H-2 to Glowner's Response to Muller' Motion for Summary Judgment,

Infringement Expert Report of William S. Howard at 37).   However, as noted above, and as

noted in Dr. Howard's report, his summary of the preferred embodiment should not be used as

limiting the claim terms.  Instead, the jury should be allowed to analyze the infringement based

upon the function and structure set forth in the specification and the claims.

Accordingly, Plaintiff requests that the Court construe the term "Conveying Assembly"

as an "assembly that moves the overlapping stream of inserts through the feeding assembly" and

construe the term "Conveying Means" as the means that convey the overlapping stream of inserts

through the feeding assembly utilizing the structure or its equivalent as set forth in Col 6, ln. 29 –

Col. 7, ln. 5.

Dated: July 25, 2012

s/ Douglas L. Bridges_____
Douglas L. Bridges (*admitted pro hac vice*)
GA Bar No. 080889
HENINGER GARRISON DAVIS, LLC
169 Dauphin Street
Mobile, AL 36605
205.326.3336
205.326.3332 fax
E-Mail: dbridges@hgdlawfirm.com

Timothy C. Davis
FL Bar No. 51880
HENINGER GARRISON DAVIS, LLC
P. O. Box 11310
Birmingham, AL 35202
Telephone: (205) 326-3336
Facsimile:  (205) 326-3332
Facsimile:  (205) 326-3332
Email:  sscoggins@hgdlawfirm.com

Daniel Robert Frijouf
FL Bar No. 0682306
FRIJOUF, RUST & PYLE, PA
201 E Davis Blvd
Tampa, FL 33606
Telephone: (813) 254-5100
Facsimile: (813) 245-5400
Email: frijouf@frijouf.com

*Attorneys for Plaintiff Dwayne Glowner*

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the above and foregoing upon all counsel of record by filing the above with the Court's CM/ECF electronic filing system this 25th day of July, 2012.

                                                   s/Douglas L. Bridges  
                                                  Douglas L. Bridges