**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | | |
|---|---|---|
| **DWAYNE GLOWNER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No.:** |
| | ) | **8:09-cv-01768-EAK-TGW** |
| **v.** | ) | |
| | ) | |
| **MULLER MARTINI MAILROOM SYSTEMS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |


**PLAINTIFF DWAYNE GLOWNER'S RESPONSE TO DEFENDANT'S MOTION FOR JUDGMENT OF NO WILLFULLNESS AND MOTION OT EXCLUDE ARGUMENT OR EVIDENCE RELATING TO WILLFULNESS**

### I.    INTRODUCTION

Muller Martini Mailroom Systems, Inc. ("Muller" or "Defendant") has moved this Court for judgment of no willful infringement by Muller as to U.S. Patent No. 6,755,412 B1.  In support for their motion, Defendant has cited to the test used by the courts in evaluating the presence of willful infringement in a patent action.

Defendant has incorporated the arguments it raised in its *Motion and Supporting Memorandum of Defendant, Muller-Martini Mailroom Systems, Inc., For Summary Judgment of Patent Invalidity* as support for their argument that Muller has "presented numerous legitimate and credible invalidity and non-infringement arguments with respect to the '412 patent." (Exhibit 1, filed 6/16/2011).  The Court has already ruled on this motion and found that the question of invalidity was "a close one", but nonetheless, the motion was denied, and the question is to be brought to a jury for consideration and determination as to the issue of invalidity.

Defendant has also rehashed its arguments raised in its *Motion and Supporting Memorandum of Defendant, Muller-Martini Mailroom Systems, Inc., for Summary Judgment of Non-Infringement* (Exhibit 2, filed 6/16/2011).  The Court denied this motion as well.

Muller is wrong in its assertion that since the Court has found Muller's invalidity and infringement defenses should be decided by the jury, that the invalidity defense is reasonable and precludes Dwayne Glowner ("Glowner" or "Plaintiff") from presenting its case-in-chief to the jury regarding willful infringement.  Simply because a question of fact regarding patent defenses is to be heard by a jury does not necessarily mean the alleged defenses are reasonable. Therefore, the motion to stop Glowner from presenting evidence regarding willful infringement should be DENIED.

## II.  LEGAL DISCUSSION

Muller has correctly stated the two prong test utilized by the courts when determining the existence of willful infringement, but has chosen to ignore the nuances of the test and its subparts of willful infringement analysis, specifically, the threshold inquiry is not made until after the Court has developed the trial record and had the opportunity to consider all of the evidence, not simply a self-serving pleading, as this motion is.

> Accordingly, to establish willful infringement, a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent. The state of mind of the accused infringer is not relevant to this objective inquiry. If this threshold objective standard is satisfied, the patentee must also demonstrate that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer.

*In re Seagate Technology, LLC*, 497 F.3d 1360, 1371(Fed. Cir. 2007)(Internal citations omitted).

While it appears that only the second prong, regarding the subjective prong of willful

infringement, is "determined by the record developed in the infringement proceeding", the first,

objective prong, is also considered in light of the record developed as well.  *Id.*[1]

**A.  Willful Infringement is a mixed question of law and fact to be decided as a matter of law by the judge.**

In their motion, Muller has overlooked one important characteristic of the willful

infringement analysis by failing to understand the incorporation of facts from trial into the

determination by the judge as to whether the threshold has been met.  The underlying analysis of

the prong is a mixed question of law and fact developed by the trial record and its attendant

evidence, not a bald statement by a defendant that its defenses are reasonable through motion.

"[T]he court should determine 'based on the record ultimately made in the infringement

proceedings,' whether a 'reasonable litigation could realistically expect' those defenses to

succeed.  If, in view of the facts, the asserted defenses were not reasonable, only then can the

jury's subjective willfulness finding be reviewed for substantial evidence." *Bard Peripheral*

*Vascular, Inc. v. W.L. Gore & Associates, Inc.*, 682 F.3d 1008, 1006 (Fed. Cir. 2012)(citing *iLor,*

*LLC v. Google, Inc.*, 631 F.3d 1372, 1378) (Fed. Cir. 2011); *Professional Real Estate Investors,*

*Inc. v. Columbia Pictures Industries, Inc.*, 508 U.S. 49, 60(1993)).[2]  Throughout the entire

opinion in *Bard Peripheral Vascular*, the court consistently stated that the inquiry into the

reasonableness of patent defenses in regards to willful infringement was to be determined by the

judge based on the facts elicited during trial.

---

[1] Glowner will not address the second prong of the test in this response, as Muller has stated it need not be considered by the court in its motion.  However, Glowner would still like to point out that obtaining an opinion of counsel regarding infringement is not dispositive when considering the subjective, second prong of the test.  *See In re Seagate* at 1369 (Although an infringer's reliance on favorable advice of counsel, or conversely his failure to proffer any favorable advice, is not dispositive of the willfulness inquiry, it is crucial to the analysis. *E.g., Electro Med. Sys., S.A. v. Cooper Life Scis., Inc.,* 34 F.3d 1048, 1056 (Fed.Cir.1994) ("Possession of a favorable opinion of counsel is not essential to avoid a willfulness determination; it is only one factor to be considered, albeit an important one.").")

[2] *See Spine Solutions, Inc. v. Medtronic Sofamor Danek USA, Inc.*, 620 F.3d 1305, 1319 (Fed. Cir. 2010).  "This "objective" prong of *Seagate* tends not to be met where an accused infringer relies on a reasonable defense to a charge of infringement."

"[T]hat "the answer to whether an accused infringer's reliance on a particular issue or defense is reasonable is a question for the court when the resolution of that particular issue or defense is a matter of law" but it "is properly considered by the jury" "[w]hen the resolution of a particular issue or defense is a factual matter." *Powell,* 663 F.3d at 1236–37.[3]

…..

[3][4] When a defense or noninfringement theory asserted by an infringer is purely legal (e.g., claim construction), the objective recklessness of such a theory is a purely legal question to be determined by the judge. *See Powell,* 663 F.3d at 1236. When the objective prong turns on fact questions, as related, for example, to anticipation, or on legal questions dependent on the underlying facts, as related, for example, to questions of obviousness, the judge remains the final arbiter of whether the defense was reasonable, even when the underlying fact question is sent to a jury. *See Powell,* 663 F.3d at 1236–37; *DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.,* 567 F.3d 1314, 1324 (Fed.Cir.2009) (explaining that ensnarement has underlying factual issues but is ultimately a question of law for the judge that is " 'to be determined by the court, either on a pretrial motion for partial summary judgment or on a motion for judgment as a matter of law at the close of the evidence and after the jury verdict' " (quoting *Warner–Jenkinson Co., Inc. v. Hilton Davis Chem. Co.,* 520 U.S. 17, 39 n. 8, 117 S.Ct. 1040, 137 L.Ed.2d 146 (1997)))

…..

In considering the objective prong of *Seagate,* the judge may when the defense is a question of fact or a mixed question of law and fact allow the jury to determine the underlying facts relevant to the defense in the first instance, for example, the questions of anticipation or obviousness. But, consistent with this court's holding today, the ultimate legal question of whether a reasonable person would have considered there to be a high likelihood of infringement of a valid patent should always be decided as a matter of law by the judge. *See DePuy,* 567 F.3d at 1324."

*Id.* at 1006 – 1008.  Thus, the facts underlying the reasons underlying patent defenses are essential when considering whether or not the defenses are "reasonable", and the objective prong of the willful infringement test is not met.

## B. Submission To the Jury of a Patent Defense Does Not Automatically Mean The Defense is Reasonable.

---

[3] *Powell v. Home Depot U.S.A., Inc.,* 663 F.3d 1221 (Fed. Cir. 2011).

Muller would have the Court believe that because questions of invalidity and infringement are being put to the jury, the defenses are reasonable.  However, this stance is untenable, and would essentially bar any claim of willful infringement if a defendant is able to raise any question of fact as to invalidity or infringement.  Willful infringement is not to be so easily swept aside in a patent action and must be evaluated from a complete trial record and with the use of the jury's findings, even if a valid defense is brought.  *See DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 567 F.3d 1314, 1336 (Fed. Cir. 2009)("We agree with Medtronic and the district court that there was no legally sufficient **evidentiary** basis to find an objectively high likelihood under *Seagate's* first prong."); *Id.* at 1337 (While the fact that an issue was submitted to a jury does not automatically immunize an accused infringer from a finding of willful infringement, the record developed in the infringement proceeding in this case, viewed objectively, indisputably shows that the question of equivalence was a close one, particularly insofar as equivalence "requires an intense factual inquiry.")

Thus far, no summary judgment motions have been granted for Muller, meaning all of Defendant's defenses are to be heard by the jury.  As stated in *Depuy*, simply because the defenses will be assessed by the jury does not mean willful infringement has not occurred.  *Id.* at 1337.  Rather the Court needs to hear and analyze all of the evidence that will be presented at trial to determine if Muller has raised "reasonable" defenses.

## C. Muller's Motion Is Premature, and Glowner Should Be Permitted To Present Its Case-In-Chief Prior To The Objective Inquiry Into Willful Infringement.

Although *Bard Peripheral Vascular*, does state the court can address the objective prong of the test enumerated in *In re Seagate* in a pretrial motion for summary judgment, the motion presented here should be denied, because it is premature, incomplete, and

5

requires more factual development, which can only be accomplished at trial. *Id.* at 1007. As previously stated, Muller has already raised their defenses and underlying theories of invalidity and infringement in its two previous motions for summary judgment. The Court denied both motions, sending the questions to the jury at trial. Implicit in denying the motions for summary judgment is the notion that Glowner should be permitted to fully brief the Court and the jury on its validity and infringement contentions, which will enable the Court to conduct a complete and thorough analysis of whether or not the defenses are indeed "reasonable," with the added weight of the jury's findings. *Cohesive Technologies, Inc. v. Waters* Corporation, 543 F.3d 1351, 1374 (Fed. Cir. 2008)("[T]he proper construction of "rigid" was in dispute. According to Waters, Cohesive had disavowed all polymeric particles as not "rigid" during prosecution based on the Guiochon declaration. While we, like the district court, have concluded that the Guiochon declaration did not disavow all polymeric particles, we nonetheless agree with the district court that Waters could reasonably have read the "rigid" limitation, in light of the specification and prosecution history, to require polymeric particles.") While the court in *Cohesive Technologies* did find that the dispute as to the term 'rigid' was objectively reasonable, barring willful infringement, it is important to note that the court made this finding *after* a full record was developed. *Id.* at 1359 ("[t]he district court held a combined *bench trial and hearing* in 2002. At that proceeding, the court heard evidence and argument on the issues of inequitable conduct, willful infringement, and damages in the first case.") Thus, development of the record at trial is needed, and the motion is premature.

**D. Evidence Regarding Willful Infringement Will Not Confuse The Jury Nor Create Undue Prejudice To The Defendant.**

Evidence presented at trial by both Glowner and Muller, reading on the issue of willful infringement, will not confuse the jury or create undue prejudice.  As Muller appears to understand in its motion, if the objective, first prong of *Seagate* is not met, determined as a matter of law by the judge, then the question of willful infringement will not be submitted to the jury.  Therefore, the jury will not be confused on the issue, because it will not be required to make its subjective inquiry.

Undue prejudice will not occur, because willful infringement and its analysis is intimately intertwined with Muller's defenses.  For the Court to make its objective decision on whether willful infringement has occurred, the Court must evaluate all of the evidence collated by Muller to determine if the defenses were reasonable.  Thus, Defendant will still have to put on all of its evidence, whether or not the Court decides to charge the jury with deciding willful infringement.

## III.   <u>CONCLUSION</u>

Muller's motion is premature.  Rehashing the arguments raised in its previous motions for summary judgment does not show that the threshold inquiry to be made by the court in a willful infringement analysis has not been met.  Glowner should be permitted to present its case-in-chief and develop a full trial record prior to any judgment regarding willful infringement.


Date:   July 25, 2012

                              Respectfully submitted,


                              s/ Douglas L. Bridges
                              Douglas L. Bridges (*admitted pro hac vice*)
                              GA Bar. No. 080889
                              HENINGER GARRISON DAVIS, LLC
                              169 Dauphin Street

Mobile, AL 36605
205.326.3336
205.326.3332 fax
E-Mail: dbridges@hgdlawfirm.com

Jacqueline Knapp Burt
Dara T. Jeffries
HENINGER GARRISON DAVIS, LLC
3350 Riverwood Pkwy SE, Suite 1900
Atlanta, GA 30339-3372
Phone: 404.996.0864
Fax: 205.547.5502
Email: jburt@hgdlawfirm.com
Email: dara@hgdlawfirm.com

Timothy C. Davis
FL bar Nol. 51880
HENINGER GARRISON DAVIS, LLC
P.O. Box 11310
Birmingham, AL 35202
205.326.3336
205.326.3332 fax
E-mail: sscoggins@hgdlawfirm.com

Daniel Robert Frijouf
FL Bar No. 0682306
FRIJOUF, RUST & PYLE, PA
201 E. Davis Blvd.
Tampa, FL 33606
813.254.5100
813.245.5400 fax
Email: frijouf@frijouf.com

*Attorneys for Plaintiff Dwayne Glowner*

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing upon all counsel of record by filing the above with the Court's CM/ECF electronic filing system this 25th day of July, 2011:

 s/ Douglas L. Bridges
Douglas L. Bridges

8